## Booth et al. v. City of Owensboro et al.

(Decided Nov. 22, 1938.)

WOODWARD, DAWSON & HOBSON and FRANKLIN P. HAYS for appellant.

R. MILLER HOLLAND and DAN GRIFFITH, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. The opinion on the first appeal is reported in 274 Ky. 325, 118 S. W. (2d) 684.

The action was brought to test the legality of a proposed plan for financing the erection and equipment of a new hospital for Owensboro and Daviess county. On the first appeal it was held that the proposed plan was illegal in two respects: (1) Because it bound the city and county to replace buildings and equipment totally or partially destroyed by fire or other casualty, regardless of whether or not the insurance was sufficient for that purpose; and (2) because part of the control of the hospital was vested in an outside agency. On the return of the case, an amended petition was filed showing the changes in the proposed plan made to conform to the opinion of this court. The proposed articles of incorporation of the Owensboro Daviess County Hospital, the proposed deed from the city of Owensboro and German American School Association to Owensboro Daviess County Hospital, the proposed "contract, lease, and option" under which the completed hospital will be leased and operated, and the proposed mortgage deed of trust have been changed so that the city of Owensboro and Daviess county shall be under no obligation to replace any of the buildings or equipment which may be damaged or destroyed, other than to use any proceeds of insurance for such purpose, and the management of the proposed hospital is vested in the city of Owensboro and Daviess county. The circuit court sustained a demurrer to the petition, as amended, and, the plaintiff having declined to plead further, his petition was dismissed. This was an adjudication that the proposed plan is legal. The objectionable features of the original plan, which were pointed out in the opinion on the first appeal, have been eliminated, and we find no other provision in the proposed plan which renders it illegal.

The judgment is affirmed.